IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:  Joshua Lee Giles        )
       Lynsi Nicole Giles        )
                                 )
                                 )       CASE NO. 11-40439
                                 )       CHAPTER 13
        DEBTOR(S)        )
_____

## CHAPTER 13 PLAN

Debtor or Debtors (hereafter Debtor) proposes:

1. **PLAN TERMS**:

    a.    The Applicable Commitment Period is 5 years.

    b.    Plan payments will be in the following amounts:

        $1,556.00 for 60 months = $93,360.00

    c.  Plan payments include the following total amount being paid pursuant to the means test calculation from Official Form 22C: **$62,654.00**

    d.  Plan payments shall be made by:

            ☒ Employer pay order directed to:

            ☒ Debtor's Employer

            Payment order to this employer shall be in monthly amount of

            **$1,556.00**

            Employer name and address: **Kroger, Payroll Dept., 2800 E. 4th, Hutchinson, KS 67501.**

            **NON-STANDARD PROVISIONS FOR ¶ 1:** This Plan contemplates that unsecured creditors listed on Schedule F will be paid the full amount of their allowed claims, with interest to the date of filing.

    **ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN MAY BE DEEMED TO HAVE ACCEPTED THE PLAN. ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

**CONFIRMATION OF THE PLAN WILL BE DEEMED A FINDING BY THE BANKRUPTCY COURT THAT DEBTOR HAS COMPLIED WITH ALL OF THE APPLICABLE SECTIONS OF 11 U.S.C. §§ 1322 AND 1325 AND THAT DEBTOR HAS FULFILLED ALL PRE-CONFIRMATION OBLIGATIONS UNDER 11 U.S.C. § 521**.

3. **ADMINISTRATIVE FEES:**

    a. The Chapter 13 Trustee will be paid up to 10% on all funds disbursed.

    b. Debtor's attorney fees will be paid through the Plan as stated below, subject to modification by the Trustee of the time period over which fees will be paid, as necessary to make the Plan feasible. Counsel for Debtor reserves the right to submit additional fee applications, but payment is subject to Court approval. Debtor consents to such increases in Plan payments as may be necessary to pay any approved additional fees.

    | | |
    |---|---|
    | Total fees for the case: | $3,600.00 (includes $350 end of case fees) |
    | Total fees paid to date: | $1,200.00 |
    | **Balance of fees to be paid through the Plan** | **$2,400.00** |
    | Number of months over which fees shall be paid | **6** |

4. **FILING FEE**:

    ☒ The filing fee has been paid.

5. **TAX RETURNS:** Federal and state tax returns for the preceding four years:

    ☒ have been filed.

    **NON-STANDARD PROVISIONS FOR ¶ 4:** Not Applicable.

6. **DOMESTIC SUPPORT OBLIGATIONS:** Domestic Support Obligations (hereafter, "DSO") are defined by 11 U.S.C. § 101(14A), but usually encompass most child support and alimony obligations.

    **Status:**

    ☒ The Debtor does NOT owe a DSO.

7. **PRIORITY CLAIMS**: Not Applicable.

    c. **Discharge**: Payments through the Trustee of the principal and pre-petition interest, if applicable, due on allowed pre-petition priority claims will result in a full and total discharge of all Debtor's obligations for those claims to the extent such debts are not otherwise excepted from discharge pursuant to the Bankruptcy Code.

    **RELIEF FROM STAY REGARDING PROPERTY TO BE SURRENDERED:** Not applicable.

9. **DEBTS SECURED BY REAL ESTATE.**

    a. **Any creditor claiming a lien on any real property Debtor intends to retain will retain its lien pursuant to 11 U.S.C. § 1325(a)(5).**

b.  **Debts secured by Debtor's Principal Residence:**  These debts shall be paid pursuant to U.S. Bankr. Ct. D. Kan. Standing Order 09-2 (hereafter S.O. 09-2) which, as currently enacted or subsequently amended, is incorporated herein as though set forth in full.  To the extent any Provision of this Plan conflicts with S.O. 09-2, the provisions of S.O. 09-2 control. i.  **Debtor declares as follows (check one):**

☒  Debtor is current on all pre-petition mortgage payments secured by a mortgage on the principal residence and will pay all post-petition mortgage payments directly to the real property creditor as defined by S.O. 09-2; or,

pre-petition arrearage.

c.  **Other Debts Secured by Non-residential Real Estate Liens**

10.  **DEBTS SECURED BY PERSONAL PROPERTY**

a.  **Lien retention and release:**  Any secured creditor whose note is secured by personal property, including "910 car" loan creditors and "one year loan" creditors, as those are defined by the paragraph following 11 U.S.C. § 1325(a)(9), will retain its lien pursuant to 11 U.S.C. § 1325(a)(5) and shall be required to release the lien at the time designated by 11 U.S.C. § 1325(a)(5).

**NON-STANDARD PROVISIONS FOR ¶ 10(a):** Not Applicable.

b.  **Monthly payments:**  Debtor proposes to pay personal property secured creditors equal monthly amounts listed below from the funds available to pay those claims after the deduction of Trustee fees.  If the Trustee does not have sufficient funds to pay the specific amount noted, the Trustee may adjust the payment so long as the claim will be paid before Plan completion.  Interest will be paid on these claims at the Trustee's discount rate in effect on the date the Petition was filed, unless otherwise provided in the "Non-Standard Provisions" section for each associated paragraph.

**NON-STANDARD PROVISIONS FOR ¶ 10(b):**  Not Applicable.

c.  **Pre-Confirmation Payments:**  If Debtor proposes to make pre-confirmation payments, the amount stated below will be paid by the Trustee each month as if the Plan were confirmed and will continue to be paid upon confirmation.  If Debtor proposes to pay these claims on a pro rata basis, such provision must be listed in the "Non-Standard Provisions" following each section.  Any pre-confirmation payments paid by the Trustee will be credited against the allowed secured claim as though the Plan had been confirmed. **TO RECEIVE ANY PAYMENT (PRE- OR POST-CONFIRMATION), A CREDITOR MUST FILE A CLAIM THAT IS ALLOWED.**

**NON-STANDARD PROVISIONS FOR ¶ 10(c):** Not applicable.

d. **GENERAL SECURED CLAIMS:**  Not applicable.

**NON-STANDARD PROVISIONS FOR ¶ 10(d):** Not Applicable.

e. **910 CAR LOAN CREDITORS**  Each "910 car loan" creditor listed below will be paid the amount of the debt owed, unless the creditor agrees to receipt of less than the full amount under the Plan. The Monthly Payment specified is an estimate, and the actual amount may vary, depending upon the amount of the allowed claim.

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PYMNT |
|---|---|---|---|---|
| DECU | 05 Dodge | $16,822.00 | $21,000.00 | $325.00 |
| Mid-Am CU | 05 Chrysler | $ 538.00 | $ 4,000.00 | $ 13.00 |

**NON-STANDARD PROVISIONS FOR ¶ 10(e):** Not Applicable

f. **ONE YEAR LOAN CREDITORS**  Not Applicable.

**NON-STANDARD PROVISIONS FOR ¶ 10(f):** Not Applicable.

11. **SPECIAL CLASS CREDITORS**:

There are no Special Class Creditors.

**NON-STANDARD PROVISIONS FOR ¶ 11, including identity and specific treatment of any Special Class Creditor:**  Not Applicable.

12. **STUDENT LOAN OBLIGATIONS:**  Any student loan will be paid, pro rata, with other general unsecured creditors.  Interest will continue to accrue post-petition on non-dischargeable student loans and post-petition interest will only be paid to non-dischargeable student loans if allowed by 11 U.S.C. § 1322(a)(10).  Any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will be excepted from discharge unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.

**NON-STANDARD PROVISIONS FOR ¶ 12:** Not Applicable.

13. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**  Not Applicable.

**NON-STANDARD PROVISIONS FOR ¶ 13:** Not Applicable.

14. **GENERAL UNSECURED CREDITORS:**  General unsecured claims will be paid after all other unsecured claims, including administrative and priority claims, from Debtor's projected disposable income in an amount not less than the amount those creditors would receive if the estate of Debtor were liquidated under chapter 7 on the date of confirmation pursuant to 11 U.S.C. § 1325(a)(4), the "best interest of creditors" test.

**NON-STANDARD PROVISIONS FOR ¶ 14:** Not Applicable.

15. **"BEST INTERESTS OF CREDITORS TEST."**  Debtor represents that the property listed below would have the designated liquidation value if it were liquidated in a Chapter 7 case.  (List property, explain how the computation of the liquidation value was made, or attach a separate document explaining computation.)

a. Total liquidation value: **$3,525.00**

b. Explanation of Calculation: **1987 Toyota, $500; 2002 Ford Focus, $3,000; cash $25.00**

**NON-STANDARD PROVISIONS FOR ¶ 15:** Not Applicable.

16. **PROPERTY OF THE ESTATE**:

a. In addition to the property specified in 11 U.S.C. § 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, Debtor will remain in possession of all property of the estate.

b. All property of the estate will vest in Debtor at discharge or dismissal of the case.

**NON-STANDARD PROVISIONS FOR ¶ 16:** Not Applicable.

17. **OTHER GENERAL PLAN PROVISIONS:** Not Applicable.

18. **This Plan contains no provisions deviating from the model plan adopted by the Court and in effect at the time of the filing of this case unless they are specifically set out in ¶ 17 or in the specific "NON-STANDARD PROVISIONS" sections contained in the model plan.**

DATED: **March 29, 2011**   Debtor: s/ Joshua Lee Giles

Debtor: s/ Lynsi Nicole Giles

Attorney for Debtor:

s/ R. L. Leslie
R. L. Leslie
LESLIE LAW OFFICE
P. O. Box 2067
Hutchinson, KS 67504-2067
Telephone: (620) 662-0527
Fax: (620) 662-0541
e-mail: attyleslie@yahoo.com